Jerry **DUHON**, Plaintiff–Appellant,

v.

James **KEMPER**, **Bill Reed**, **Terry Brown**, and **Sally Maxwell**, Defendants–Appellees.

No. 99–6534.

United States Court of Appeals, Sixth Circuit.

Sept. 20, 2001.

**354**

Before BOGGS and DAUGHTREY, Circuit Judges, and WEBER,* District Judge.

PER CURIAM.

The plaintiff, Jerry Duhon, is a state prisoner currently incarcerated at the Green River Correctional Complex. He brought an action in the district court under 42 U.S.C. § 1983, claiming violation of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments of the Constitution.

Duhon claimed that he was exposed to tuberculosis when he was placed in a cell with another prisoner who carried the tuberculosis germ and demanded payment of damages in the amount of $400,000. The district court dismissed the complaint as untimely, finding that Duhon first tested positive for exposure to the tuberculosis germ on August 11, 1997, following a tuberculin skin-test, but that he did not file his action until August 28, 1998, beyond the period under the applicable Kentucky state statute. That provision requires commencement of an action for personal injury "within one (1) year after the cause of action accrued." K.R.S. 413.140(1)(a).

■ In the district court, the plaintiff attempted to bring his complaint within the one-year statute of limitations by arguing that the action accrued on September 9, 1997, when he was x-rayed to establish that he did not have active tuberculosis. On appeal, however, Duhon has abandoned this argument and instead claims for the first time that he turned his complaint over to prison officials on July 22, 1998, the date that appears at the bottom of his complaint, and that under the "mailbox rule" announced in *Houston v. Lack*, 487 U.S. 266, 271, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), his claim was timely filed. But, there is no proof in the record—such as an affidavit from the plaintiff, a certificate of service that complies with the requirements of 28 U.S.C. § 1746,[1] or a mail log from the prison mail room—to sustain this contention. Nor is there any credible explanation as to why the prison mail room would have delayed for over a month in sending the complaint to the district court for filing.

---

* The Hon. Herman J. Weber, United States District Judge for Southern District of Ohio, sitting by designation.

1. 28 U.S.C. § 1746 states:

    Wherever, under any law of the United States or under any rule, regulation, order,

or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath

As the defendants correctly point out, issues not raised at the trial level may not be appealed to this court. *See Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir.1993). We thus have no choice but to hold that the plaintiff's invocation of the "mailbox rule" comes too late to establish a basis for reversing the district court's judgment granting summary judgment to the defendants.

AFFIRMED.

required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

.    .    .    .    .

(2) If executed within the United States, its territories, possessions, or commonwealths:

"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

